IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1204-GMS |
| | ) |
| C/O RADCLIFF, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, DeShawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit on September 25, 2012. (D.I. 3.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Drumgo filed his complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. He also raises supplemental state claims.[1]

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Drumgo proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Drumgo leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Drumgo has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Drumgo's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Counts One, Two and Three are time-barred. Drumgo filed the instant complaint in September 2012. Count One alleges that Drumgo's constitutional rights were violated on March 16, March 18, and May 20, 2010; Count Two alleges that Drumgo's constituitonal rights were

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

violated on March 2, and April 23, 2010; and, Count Three alleges Drumgo's constituitonal rights were violated on July 16, 2010.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (not published) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

It is evident from the face of the complaint that the claims in Counts One, Two, and Three were not timely filed and are time-barred. Therefore, the court will dismiss Counts One, Two, and Three as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will dismiss Counts One, Two and Three of the complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Drumgo may proceed on Counts Four and Five of the complaint.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Jan 15, 2013
Wilmington, Delaware

5