IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1204-GMS |
| | ) |
| C/O ANTHONY BURRIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, DeShawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, appears *pro se* and was granted permission to proceed *in forma pauperis*. Drumgo filed the complaint pursuant to 42 U.S.C. § 1983. He also raises supplemental State claims.

I.  **BACKGROUND**

Drumgo moves for reconsideration of the dismissal of Count 1, 2, and 3 of the complaint. These counts ere dismissed as time-barred. (D.I. 13.) He also seeks leave to amend. (D.I. 14.)

Drumgo raised Counts 1, 2, and 3 in *Drumgo v. Burris*, Civ. No 12-068-GMS (D. Del.). On May 9, 2012, the court dismissed that complaint as noncompliant with Fed. R. Civ. P. 20 and instructed Drumgo to file separate complaints so that unrelated claims were not contained in the same complaint. (*Id.* at D.I. 7.) Having reviewed Civ. No. 12-068-GMS and the instant case, the court finds that the statute of limitations for Counts 1, 2, and 3 was tolled three months and 29 days (i.e., from the date of the filing the complaint, January 11, 2012,[1] to the date of entry of the

---

[1] The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F.Supp. 2d 458, 463 (D. Del. 2002). The

May 9, 2012 order).[2] Drumgo filed the complaint in the instant action on September 9, 2012.[3] (D.I. 3.)

## II. RECONSIDERATION

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

## III. DISCUSSION

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are

---

complaint in Civ. No. 12-068-GMS was signed on January 11, 2012, but there is no post-mark o the envelope. The complaint in Civ. No. 12-068-GMS was delivered to prison authorities for mailing either on or after January 11, 2012. Giving Drumgo the benefit, the court concludes that the complaint was filed on January 11, 2012, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

[2]The court garners assistance from the date calculator found at http://www.timeanddate.com.

[3]*See* n. 1 *supra*, for a discussion of the mailbox rule. The complaint was signed on September 9, 2012.

subject to a two-year limitations period. *See* 10 Del. C. 10, § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).

### A.  Count 1

Count 1 is a conditions of confinement claim for an unsanitary cell and alleges unlawful acts occurred on March 16, March 18, and May 20, 2012. The calculations for the claims in Count 1 are as follows:

#### 1.  March 16, 2010 claim

| | |
|---|---|
| Accrual date for | March 16, 2010 claim |
| Add two year statute of limitation | March 16, 2012 |
| Add tolled period 3 months, 29 days | July 15, 2012 |

The March 16, 2010 claim should have been filed on or before July 15, 2012. However, it was not refiled until September 9, 2012. Plaintiff did not exercise due diligence in refiling this claim. It is time-barred.

#### 2.  March 18, 2010 claim

| | |
|---|---|
| Accrual date for | March 18, 2010 claim |
| Add two year statute of limitation | March 18, 2012 |
| Add tolled period 3 months, 29 days | July 17, 2012 |

The March 18, 2010 claim should have been filed on or before July 17, 2012. However, it was not refiled until September 9, 2012. Plaintiff did not exercise due diligence in refiling this claim. It is time-barred.

#### 3.  May 20, 2010 claim

| | |
|---|---|
| Accrual date for | May 20, 2010 claim |
| Add two year statute of limitation | May 20, 2012 |
| Add tolled period 3 months, 29 days | September 18, 2012 |

The May 20, 2010 claim should have been filed on or before September 18, 2012. It was timely filed on September 9, 2012.

Based upon the foregoing, the court will deny the motion for reconsideration as to the March 16 and March 18, 2010 claims and will grant the motion for reconsideration as to the May 20, 2010 claim. Because it is unclear against whom the May 20, 2010 claim is directed, Drumgo will be given leave to amend the May 20, 2010 claim. Inasmuch as Drumgo will be given leave to amend, the court will deny as moot his motion for leave to amend. (*See* D.I. 14.)

### B. Count 2

Count 2 is a conditions of confinement claim for inadequate bathroom access. Count 2 alleges unlawful acts occurred on March 2 and April 23, 2012. The calculations for the claims in Count 2 are as follows:

#### 1. March 2, 2012 claim

| | |
|---|---|
| Accrual date for | March 2, 2010 claim |
| Add two year statute of limitation | March 2, 2012 |
| Add tolled period 3 months, 29 days | July 1, 2012 |

The March 2, 2010 claim should have been filed on or before July 1, 2012. However, it was not refiled until September 9, 2012. Plaintiff did not exercise due diligence in refiling this claim. It is time-barred.

#### 2. April 23, 2010 claim

| | |
|---|---|
| Accrual date for | April 23, 2010 claim |
| Add two year statute of limitation | April 23, 2012 |
| Add tolled period 3 months, 29 days | August 23, 2012 |

The April 23, 2010 claim should have been filed on or before August 23, 2012. However, it was not refiled until September 9, 2012. Similar to the March 2, 2010 claim,

Drumgo did not exercise due diligence in filing the claim. It, too, is time-barred. Accordingly, the court will deny the motion for reconsideration as to Count 2.

### C. Count 3

Count 3 alleges excessive force and retaliation as a result of Drumgo's filing a complaint and a grievance. He alleges the unlawful acct occurred on July 16, 2010, when there was a shake down of his cell. The defendants C/O Young, C/O Warnick, and John Does, led by the defendant Sgt. Syrita Benson-Williams, participated in the shake down. At that time, Benson-Williams confiscated all of Drumgo's legal work. When Drumgo protested, she he maced him. The calculations for the claims in Count 3 are as follows:

| | |
|---|---|
| Accrual date for | July 16, 2010 claim |
| Add two year statute of limitation | July 16, 2012 |
| Add tolled period 3 months, 29 days | November 14, 2012 |

The July 16, 2010 claim should have been filed on or before November 14, 2012. It was timely filed on September 9, 2012. Therefore, the court will grant the motion for reconsideration as to Count 3. Drumgo will be allowed to proceed with this claim.

### IV. CONCLUSION

For the above stated reasons, the court will grant in part and deny in part the motion for reconsideration. (D.I. 13.) Drumgo will be given leave to amend only as to the May 20, 2010 claim contained in Count 1. In addition, he will be allowed to proceed with Count 3. The motion for leave to amend will be denied as moot. (D.I. 14.)

An appropriate order will be entered.

_[signature]_
CHIEF, UNITED STATES DISTRICT JUDGE

March 15, 2013
Wilmington, Delaware