IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DE SHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1204-GMS |
| | ) |
| C/O ENOCH TUNAMAH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 22nd day of August, 2013;

## I. INTRODUCTION

The plaintiff DeShawn Drumgo ("Drumgo"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 on September 25, 2012. (D.I. 2.) On March 18, 2013, Drumgo filed a motion for injunctive relief to stop alleged retaliatory conduct. (D.I. 17.) State defendants Anthony Burris ("Burris"), C/O McClain ("McClain"), and Gattis ("Gattis") (collectively "State defendants") oppose the motion. (D.I. 27.)

## II. STANDARD OF REVIEW

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir.

1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

### III. DISCUSSION

Drumgo submits that he has been subjected to a campaign of retaliatory harassment by the VCC administration. He seeks injunctive relief and/or a transfer to another facility. The defendants oppose the motion.

Initially the court notes that Drumgo seeks injunctive relief to restrain individuals who are not parties to this action. In addition, upon review of the allegations made by Drumgo, the court concludes that he has not demonstrated the likelihood of success on the merits. First, prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)); *see also Olim v. Wakinekona*, 461 U.S. 238, 251 (1983) (an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state.) Nor do inmates have a "legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Second,

while Drumgo complains of shakedowns and searches of his cell, "prisoners have no legitimate expectation of privacy," *Hudson v. Palmer,* 468 U.S. 517, 530 (1984).

Finally, although "courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials," said violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Zilich v. Lucht,* 981 F.2d 694, 695 (3d Cir. 1992). Here, there has been no showing of injury.

Drumgo has not produced evidence of irreparable harm. Nor does the record support a likelihood of success on the merits. Inasmuch as he has failed to demonstrate the necessary requisites for injunctive relief, Drumgo's motion will be denied. Moreover, Drumgo's request for a transfer goes directly to the manner in which the Delaware Department of Correction deems appropriate where to house its inmates. Granting the injunctive relief Drumgo seeks would be in contravention of the public's interest in the effective and orderly operation of this State's prison system. *See Carrigan v. State of Delaware,* 957 F. Supp. 1376, 1385 (D. Del. 1997).

## IV. CONCLUSION

For the above reasons, the court **denies** Drumgo's motion for injunctive relief. (D.I. 17.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE

3