IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DE SHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1204-GMS |
| | ) |
| C/O ENOCH TUNAMAH, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

At Wilmington, this 4th day of April, 2014;

## I. INTRODUCTION

The plaintiff DeShawn Drumgo ("Drumgo"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 on September 25, 2012. (D.I. 2.) On March 18, 2013, Drumgo filed a motion for injunctive relief to obtain legal supplies. (D.I. 60.) The motion is opposed. (D.I. 64.)

## II. STANDARD OF REVIEW

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards

applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## III. DISCUSSION

Drumgo submits that he is currently unable to buy or obtain legal supplies from the law library. Drumgo asserts that the law library denied his attempt to buy legal supplies with a "pay-to." He seeks injunctive relief so that he may be sold "legal supplies any time he provides a legal document that must be replied to."

Upon review of the allegations made by Drumgo, the court concludes that he has not demonstrated the likelihood of success on the merits. The affidavit of VCC paralegal Brian Engrem ("Engrem") indicates that Drumgo is provided with legal materials on a regular basis and in a timely manner. (D.I. 64, ex. A.) Engrem states that on January 15, 2014, he sent a memo to Drumgo informing him that he would not be provided mail supplies as he requested as it was confirmed that Drumgo had sufficient funds in his commissary account to purchase mail supplies. It appears that Engrem's memo was the impetus for this motion.

Engrem goes on to explain that the law library provides indigent inmates with the supplies necessary to conduct litigation. The inmate, however, must provide documentation that he needs supplies to comply with a court order. Also, the court deadline must be prior to the next

commissary delivery date. Absent this information, the inmate is required to purchase mail supplies through the commissary which is routine practice.

Drumgo has not produced evidence of irreparable harm. Nor does the record support a likelihood of success on the merits. Inasmuch as he has failed to demonstrate the necessary requisites for injunctive relief, Drumgo's motion will be denied.

## IV. CONCLUSION

For the above reasons, the court **denies** Drumgo's motion for injunctive relief. (D.I. 60.)

_____
CHIEF UNITED STATES DISTRICT JUDGE