IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1204-GMS |
| | ) |
| C/O ENOCH TUNAMAH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff De Shawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this action on September 25, 2012, against a number of VCC corrections officers and employees pursuant to 42 U.S.C. § 1983. (D.I. 3.) On July 29, 2015, the court granted the State Defendants' motion for summary judgment and denied as moot Drumgo's motion to amend. (D.I. 96, 97.) Drumgo moves for reconsideration pursuant to Fed. R. Civ. P. 59 and 60.[1] (D.I. 98.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

---

[1] Drumgo does not indicate under what section of Rule 60 he proceeds. To the extent he proceeds under Fed. R. Civ. P. 60(b)(1) based upon his assertions that the court overlooked evidence or improperly decided factual issues, legal error, without more, cannot justify granting a Rule 60(b) motion. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (citations omitted); *see also Ibarra v. W.Q.S.U. Radio Broad. Org.*, 218 F. App'x 169, 170 (3d Cir. 2007) (unpublished)

1

*Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Drumgo moves for reconsideration on the grounds that the court: (1) improperly decided disputed factual issues by improperly weighing evidence and making a credibility determination contrary to law; (2) overlooked Drumgo's sworn and verified complaint (3); overlooked affidavits submitted by witnesses and/or Drumgo "which create[] genuine factual material that exists"; and (4) improperly resolved factual disputes in granting summary judgment where Drumgo's and witnesses' sworn affidavits and the sworn complaint squarely contradict the defendants' story. (D.I. 98.)

The court thoroughly reviewed the evidence of record and applicable law before granting the defendants' motion for summary judgment. It is evident that Drumgo disagrees with the court's ruling. Regardless, this is an insufficient basis for reconsideration. Moreover, the court

finds that Drumgo has failed to demonstrate any grounds for reconsideration. Accordingly, the court will deny the motion for reconsideration.

_____
UNITED STATES DISTRICT JUDGE

Sept 8, 2015
Wilmington, Delaware